A majority of the Judges present were of opinion, that there should be a new trial in this case ; and the more especially, as no fraud or improper conduct has been alleged, which ought not to be presumed. With respect to the rule of court, it was certainly intended to prevent frauds and *314 impositions in procuring the testimony of witnesses abroad; but in cases where no such fraud is alleged, or even suggested, ic would be instrumental in working a material injury to the party to give it a rigid construction.
It has been wisely said, that rules of practice are made for the advancement of justice; but in cases where a rigid adherence to them would produce manifest injustice, they may be relaxed for obtaining the ends of justice. For aught that appears in the present case, the commissions in question may have been deposited in the post-offices in Alexandria, and also in Georgia, by one of the commissioners, although there be no certificate of it endorsed on the commissions ; and in the execution of a trust it is fair to presume, that every thing which ought to have been done by the commissioners has been done by them.
For these reasons, a majority of the judges were of opinion, that the commissions should have been opened, and depositions read on the trial.
Rule for a new trial made absolute.*
■ Waties, Bay and Jphnson, for the new trial. Treze* vant, contra*

 Kitchens v. Pettypore, a case from Camden. A new trial was ordered inn the same grounds.